Case No.　　**ED CV 21-740-JFW(KKx)**　　　　　　　　　　Date:  July 7, 2021

Title:　　　Gary Ogaz -v- Honeywell International, Inc., et al.

**PRESENT:**
　　　　**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

　　**Shannon Reilly**　　　　　　　　　　　　　　**None Present**
　　**Courtroom Deputy**　　　　　　　　　　　　**Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**　　　　**ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　　None　　　　　　　　　　　　　　　　　　　　　　None

**PROCEEDINGS (IN CHAMBERS):**　　**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447 [filed 5/26/21; Docket No. 25]**

　　　On May 26, 2021, Plaintiff Gary Ogaz ("Plaintiff") filed a Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Motion").  On June 7, 2021, Defendants Honeywell International, Inc. ("Honeywell") and Intelligrated, LLC ("Intelligrated") (collectively, "Defendants") filed their Opposition.  On June 14, 2021, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's June 28, 2021 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.　　Factual and Procedural Background**

　　　On January 12, 2021, Plaintiff filed a Complaint in San Bernardino Superior Court for enforcement under the Private Attorneys' General Act, California Labor Code 2698, *et seq.*, ("PAGA") against Defendants.  Plaintiff was an hourly, non-exempt employee of Defendants from approximately August 2018 to approximately February 2020.  In his Complaint, Plaintiff seeks penalties for Defendants' failure to: pay overtime, provide meal periods, provide rest periods, pay minimum wages, pay wages upon termination, pay wages during employment, provide complete and accurate wage statements, keep complete and accurate payroll records, and reimburse necessary business related expenses and costs.  Plaintiff specifically alleges that "[t]he 'amount in controversy' for the named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000)."  Complaint, ¶ 1.

On April 26, 2021, Defendants removed this action to this Court, alleging that this Court has jurisdiction pursuant to supplemental jurisdiction[1] and pursuant to 28 U.S.C. § 1332(a).

## II. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. Discussion

In his Motion, Plaintiff argues that Defendants cannot remove this action pursuant to supplemental jurisdiction because *Ogaz I* and this action are two separate, distinct matters. Plaintiff also argues that even if this Court could exercise supplemental jurisdiction over this action, no supplemental jurisdiction exists because Defendants' removal of *Ogaz I* was improper and *Ogaz I* must be remanded. In addition, Plaintiff argues that Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. In their Opposition, Defendants argue that remand is not appropriate because this Court has subject matter jurisdiction over *Ogaz I* and supplemental jurisdiction over this action. Defendants also argue that this Court has diversity jurisdiction because there is more than $75,000 in controversy.

### A. Defendants Have Failed to Demonstrate that Diversity Jurisdiction Exists

In their Notice of Removal, Defendants allege that the amount in controversy is approximately $89,062.50 (approximately $71,250 in penalties plus $17,812.50 in attorneys' fees (attorneys' fees were calculated by Defendants as twenty-five percent of projected damages)). In his Motion, Plaintiff argues that Defendants' calculations for the various wage and hour penalties sought by Plaintiff are unreasonable. In addition, Plaintiff argues that only twenty-five percent of the penalties sought in a PAGA action should be counted toward the amount in controversy. In their Opposition, Defendants argues that the entire amount of penalties should be counted toward the amount in controversy. Defendants also argue that their calculations for the various wage and hour penalties are reasonable.

---

[1] Defendants alleges that supplemental jurisdiction exists because this action is "part of the same case or controversy subject to removal under the Class Action Fairness Act" as Plaintiff's wage and hour class action, *Gary Ogaz v. Honeywell International, Inc., et al.*, Case No. ED CV 21-739-JFW (KKx) ("*Ogaz I*"), which Defendants also removed from San Bernardino Superior Court. Defendants removed *Ogaz I* pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA") and, alternatively, pursuant to 28 U.S.C. § 1332(a).

Under PAGA, civil penalties recovered by aggrieved employees are distributed as follows: "75 percent to the Labor and Workforce Development Agency ['LWDA'] and 25 percent to the aggrieved employees." Cal. Lab. Code § 2699(i). District courts in California disagree about whether the LWDA's portion of potential PAGA penalties can be aggregated with an individual plaintiff's portion of the penalties to determine the amount in controversy. *Compare, e.g., Hessenlink v. American Family Life Assurance Company of Columbus*, 2020 WL 7768711 (C.D. Cal. Dec. 30, 2020) (collecting cases and holding that the state's seventy-five percent share cannot be aggregated with an individual plaintiff for purposes of satisfying the amount in controversy); *Escobar v. Capstone Logistics, LLC*, 2021 WL 913174 (E.D. Cal. Mar. 10, 2021) (concluding that " the LWDA's penalties should not be aggregated with plaintiff's penalties to determine the amount in controversy"), *with, e.g., Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032 (N.D. Cal. 2014) (holding that the state's seventy-five percent share can be aggregated with an individual plaintiff for purposes of satisfying the amount in controversy); *Mitchell v. Grubhub Inc.*, 2015 WL 5096420, at *5–6 (C.D. Cal. Aug. 28, 2015) (allowing aggregation in order to satisfy the amount in controversy). In arriving at opposing conclusions, these courts have differed in their interpretation of the Ninth Circuit's decision in *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013).

The Court agrees with the growing number of courts that have held the LWDA's share cannot be aggregated with the aggrieved employee's share for purposes of determining the amount in controversy. *See, e.g., Garcia v. Commonwealth Fin. Network*, 2020 WL 6886267, at *4 (S.D. Cal. Nov. 24, 2020). The Ninth Circuit's opinion in *Urbino* explicitly rejected the argument that an aggrieved employee asserts "not his individual interest but rather the state's collective interest in enforcing its labor laws." Id. at 1122–23. "This language implies that, whether the state is deemed a nominal party or a real party in interest, its interest is not to be considered." *Lopez v. Ace Cash Exp., Inc.*, 2015 WL 1383535, *5 (C.D. Cal. Mar. 24, 2015). In addition, the *Urbino* Court explained that when determining the amount in controversy, aggregation of claims is appropriate "when neither [party] can enforce [the claim] in the absence of the other." *Urbino*, 726 F.3d at 1122. However, PAGA "permits either the LWDA or the aggrieved employees to act independently to enforce the Labor Code." *See Patel*, 58 F. Supp. at 1048 (N.D. Cal. 2014). Thus, *Urbino*'s language combined with the general presumption against diversity jurisdiction, lead the Court to conclude that the LWDA's penalties should not be aggregated with Plaintiff's penalties to determine the amount in controversy. As the court stated in *Urbino*, this is a "quintessential California dispute." *Urbino*, 726 F.3d at 1123.

In this case, even assuming that Defendants' calculations of the wage and hour penalties are reasonable, the amount in controversy does not exceed $75,000 when considering only twenty-five percent of the PAGA penalties sought by Plaintiff. Defendants estimated that the potential PAGA penalties that Plaintiff may recover were approximately $71,250. Twenty-five percent of Plaintiff's potential PAGA penalties would be $17,812.50 ($71,250 x 25% = $17,812.50), which is well below the $75,000 amount in controversy requirement.

Because Plaintiff also seeks attorneys' fees, Defendants argue that the Court should include potential attorneys' fees in the amount in controversy calculation and that the Court should estimate attorneys' fees to be twenty-five percent of the total potential PAGA penalties Plaintiff may recover, or $17,812.50 ($71,250 x 25% = $17,812.50). However, "[a]s is the case with the value of Plaintiff's claims . . . , 'only the portion of attorney's fees attributable to [the plaintiff's] claims count toward the amount in controversy.'" *Sloan v. IHG Mgmt (Md.) LLC*, 2019 WL

1111191, *3 (C.D. Cal. Mar. 11, 2019) (*quoting Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1049 (N.D. Cal. 2014)). Moreover, even if the Court added the entire $17,812.50 in estimated attorneys' fees to Plaintiff's twenty-five percent of the potential PAGA penalties ($17,812.50), this would simply double the amount in controversy to $35,625.00, which is still fall far short of satisfying the amount in controversy requirement.

Accordingly, the Court concludes that it does not have subject matter jurisdiction based on diversity.

### B. Supplemental Jurisdiction Is Not a Basis for Removal

In his Motion, Plaintiff argues that Defendants cannot remove this action based on supplemental jurisdiction because *Ogaz I* and this action are two separate, distinct actions. Plaintiff also argues that even if this Court could exercise supplemental jurisdiction over this action, supplemental jurisdiction does not exist because Defendants' removal of *Ogaz I* was improper and *Ogaz I* must be remanded. In their Opposition, Defendants argue that remand is not proper because this Court has subject matter jurisdiction over *Ogaz I* and, as a result, can exercise supplemental jurisdiction over this action.

The general removal statute, 28 U.S.C. § 1441, and provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a). Original jurisdiction, in non-maritime claims, lies where the conditions of either 28 U.S.C. § 1331 (federal question) or § 1332 (diversity jurisdiction) are satisfied. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The right of removal is strictly a creature of statute and an action commenced in state court must stay there until a basis for removal is shown under some act of Congress. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (*quoting Great N.R. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). Thus, there can be no removal to federal court under Section 1441(a) in the absence of original jurisdiction.

Despite Defendants' argument to the contrary, supplemental jurisdiction is not the same as original jurisdiction and, therefore, cannot confer a right to removal. *Syngenta*, 537 U.S. at 34. Indeed, the Supreme Court has expressly rejected removal based solely on supplemental jurisdiction. In *Syngenta*, the Supreme Court held that a district court's supplemental jurisdiction over a claim could not support removal. 537 U.S. at 34. In that case, the parties to an action proceeding in federal district court agreed that as part of the settlement of that action a related state court action would be dismissed with prejudice. *Id.* When the related state court action was not dismissed in its entirety, the defendant removed the state court action. *Id.* The federal district court had expressly retained jurisdiction over the federal settlement. *Id.* The Supreme Court recognized that the federal court had ancillary jurisdiction over any claims arising under the settlement, but the Supreme Court refused to expand removal beyond the strict dictates of the statute, holding that "Section 1441 requires that a federal court have original jurisdiction over an

action in order for it to be removed from a state court." *Id*.

Where, as in this case, a plaintiff files an action in state court with no federal question or diversity jurisdiction, the original jurisdiction necessary for removal under Section 1441 does not exist and the action cannot be removed. The supplemental jurisdiction statute, 28 U.S.C. § 1367, does not provide an independent source of original subject matter jurisdiction, and, thus, a removal petition alleging that a court has subject matter jurisdiction based on Section 1367 is improper, even if the removed action is related to another action over which the federal district court already has subject matter jurisdiction, and even if removal would be more efficient. *See* 28 U.S.C. § 1367(a); *see also Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 294-95 (5th Cir. 2010) (*citing Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir .1996) (citations omitted)); *Sovereign Bank, N.A. v. Lee*, 968 F.Supp. 2d 515, 518 (E.D.N.Y., 2013) ("While the supplemental jurisdiction statute allows a district court to exercise jurisdiction over claims that are 'so related' that they 'form part of the same case or controversy,' 28 U.S.C. § 1367, that statute cannot form the basis for removal"); *Port Authority of New York and New Jersey v. Allianz Ins. Co.*, 443 F.Supp. 2d 548, 555 (S.D.N.Y., 2006) ("[S]upplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint under 28 U.S.C. § 1441(a)") *McClelland v. Longhitano*, 140 F.Supp. 2d 201, 203 (N.D.N.Y.2001) (holding that 28 U.S.C. § 1367 is not "an independent source of removal jurisdiction").

Accordingly, the Court concludes that it does not have subject matter jurisdiction.

## IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED**. This action is **REMANDED** to San Bernardino Superior Court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.